UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN JOSE DUQUE,

      Petitioner,

     v.                             Case No.:  2:26-cv-00884-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
FACILITY SOUTH *et al*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Juan Jose Duque's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 9).  For the below reasons, the Court denies the petition.

Duque is a native of Cuba who was paroled into the United States on June 20, 1995.  Following a conviction for possession of cocaine, an immigration judge ordered Duque removed to Cuba on August 1, 2005.  Duque has spent several prior stints in immigration detention, and Immigration and Customs Enforcement ("ICE") released him under orders of supervision each time.  On October 19, 2025, Duque was arrested for lewd and lascivious assault on a child.  ICE issued an immigration detainer, and on October 20, 2025, ICE revoked the latest order of supervision for failing to comply with its conditions.

ICE took custody of Duque on January 27, 2026.  On March 27, 2026, ICE attempted to remove Duque to Mexico, but he refused to cooperate with

removal.  On March 31, 2026, ICE issued a Warning for Failure to Depart. Duque challenges the legality of his detention and seeks release under another order of supervision.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. 678, 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the 6-month period of presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Duque does not meet his initial burden. He does not show any good reason to believe the government cannot remove him in the reasonably foreseeable future. What is more, the government has presented evidence that (1) ICE scheduled Duque for removal to Mexico and brought him to a facility near the Texas-Mexico border, (2) Duque thwarted removal by refusing to cooperate, and (3) ICE warned Duque of the consequences for failing to depart. Duque provides no reason to believe ICE will not be able to execute the removal order in the reasonably foreseeable future if he cooperates.

Accordingly, it is hereby **ORDERED:**

Juan Jose Duque's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 8, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record